1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    MARIE A. ARNOLD,                        Case No. 18-cv-02982-KAW

8                Plaintiff,

9          v.                                **ORDER DENYING MOTION FOR
                                             ENTRY OF DEFAULT; CONTINUING
10   FARMERS INSURANCE EXCHANGE, et          HEARING ON MOTION TO DISMISS**
     al.,
11                                           Re: Dkt. No. 38
                Defendants.

12

13        Plaintiff Marie Arnold brought the instant case against Defendants Farmers Insurance

14   Company, Inc. and Farmers Insurance Exchange.  Plaintiff now moves for "entry of default

15   judgment by [the] court" as to Defendant Farmers Insurance Exchange.  (Plf.'s Mot. for Entry of

16   Default, Dkt. No. 38.)  The Court construes Plaintiff's motion as a motion for entry of default, as

17   default has not yet been entered against Defendant Farmers Insurance Exchange.  Instead,

18   Plaintiff's prior two motions for entry of default by the clerk were both denied by the Clerk of the

19   Court.  (*See* Dkt. Nos. 30, 35.)  Because Plaintiff has not served the operative complaint on

20   Defendant Farmers Insurance Exchange, the Court DENIES Plaintiff's motion for entry of default.

21                          **I.    BACKGROUND**

22        On May 21, 2018, Plaintiff filed her initial complaint against Defendant Farmers Insurance

23   Exchange, asserting that a breach of contract claim based on the failure to satisfy an insurance

24   policy.  (Compl., at III, Dkt. No. 1.)  On May 24, 2018, Plaintiff filed a first amended complaint

25   which corrected Defendant's name from "Famers Insurance Exchange" to "Farmers Insurance

26   Exchange," and attached several documents.  (First Amended Compl. ("FAC"), Dkt. No. 5.)  On

27   June 1, 2018, Plaintiff served the first amended complaint on Defendant Farmers Insurance

28   Exchange.  (Dkt. No. 10.)

1    On June 19, 2018, Plaintiff requested leave to file a second amended complaint, which the

2    Court granted. (Dkt. Nos. 13, 14.) On June 28, 2018, Plaintiff filed her second amended

3    complaint. The second amended complaint added Defendant Farmers Insurance Company, and

4    brought additional claims for breach of the duty of good faith and fair dealing, violation of the

5    Fourth Amendment right to privacy, and violation of "Business Professional Code Section 11200."

6    (Second Amended Compl. ("SAC"), Dkt. No. 16.)

7    On July 3, 2018, Plaintiff served the second amended complaint on Defendant Farmers

8    Insurance Company. (Dkt. No. 23.) That same day, Plaintiff filed a motion for entry of default as

9    to both Defendants. (Dkt. No. 26.) Plaintiff attached proof of services which stated that

10   Defendant Farmers Insurance Exchange was served with the first amended complaint on June 1,

11   2018, and that Defendant Farmers Insurance Company was served on July 3, 2018. (Dkt. No. 26-

12   1, Exhs. A-B.) On July 9, 2018, the Clerk declined entry of default . (Dkt. No. 30.)

13   Immediately after, Plaintiff moved for entry of default as to Defendant Farmers Insurance

14   Exchange, based on service having been completed on June 1, 2018. (Dkt. Nos. 31, 31-2 ¶ 2.) On

15   July 24, 2018, the Clerk again denied entry of default as to Defendant Farmers Insurance

16   Exchange. (Dkt. No. 35.)

17   On July 30, 2018, Plaintiff filed her third motion for entry of default as to Defendant

18   Farmers Insurance Exchange. Again, Plaintiff stated that she served the complaint on Defendant

19   Farmers Insurance Exchange on June 1, 2018. (Dkt. No. 39-1 ¶ 2.) Plaintiff also stated that she

20   served the second amended complaint on Defendant Farmers Insurance Company on July 3, 2018.

21   (Dkt. No. 39-1 ¶ 3.)

22                                        **II.    DISCUSSION**

23   As an initial matter, the Court treats Plaintiff's motion for entry of default judgment as a

24   motion for entry of default pursuant to Federal Rule of Civil Procedure **55(a)**. Before a plaintiff

25   can seek default judgment under Federal Rule of 55(b), "the clerk must enter the party's default."

26   Fed. R. Civ. P. 55(a). Contrary to Plaintiff's assertion that default was entered as to Defendant

27   Farmers Insurance Exchange on July 30, 2018, the Clerk of the Court has repeatedly denied entry

28   of default as to Defendant Farmers Insurance Exchange. (*See* Dkt. Nos. 30, 35.)

2

1      The Court finds that entry of default is not appropriate because Plaintiff has failed to serve

2   the second amended complaint -- the operative complaint -- on Defendant Farmers Insurance

3   Exchange.[1]  Plaintiff has only served the first amended complaint on Defendant Farmers Insurance

4   Exchange.  (Dkt. No. 39-1, Exh. A.)  By filing her second amended complaint, however, that

5   second amended complaint "supercede[d] any earlier complaint, rendering the original complaint

6   non-existent and, thus, its filing date irrelevant." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th

7   Cir. 2010); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012) ("Once a Plaintiff

8   files an amended complaint, the original pleading no longer serves any function in the case.").

9   Thus, the fact that Plaintiff had served the first amended complaint is insufficient to support entry

10  of default; Plaintiff must serve the operative complaint on Defendant Farmers Insurance Exchange

11  before default can be entered.  *See Employee Painters' Trust v. Cascade Coatings*, Case No. C12-

12  101JLR, 2013 WL 12158588, at * (W.D. Wash. Sept. 27, 2013) (denying motion for entry of

13  default because "even though [the defendants] were properly served with the original complaint

14  under Rule 4, any subsequent pleadings must still be served on each [d]efendant pursuant to Rule

15  5(a)(1)(B).").  This is especially the case where Plaintiff has alleged new claims for relief against

16  Defendant Farmers Insurance Exchange; Rule 5(a)(2) requires service of a complaint that asserts

17  new claims for relief, even when a party is in default.

18      While Plaintiff has served the second amended complaint on Defendant Farmers Insurance

19  Company, Defendant Farmers Insurance Company is a separate party from Defendant Farmers

20  Insurance Exchange.  Service of Defendant Farmers Insurance Company **does not** constitute

21  service of Defendant Farmers Insurance Exchange; each Defendant must be separately served.

22                              **III.    CONCLUSION**

23      For the reasons stated above, Plaintiff's motion for entry of default as to Defendant

24  Farmers Insurance Exchange is DENIED.  Before Plaintiff may move for entry of default as to

25  Defendant Farmers Insurance Exchange, Plaintiff **must** serve Defendant Farmers Insurance

26

27  [1] Although entry of default is a function of the Clerk, Plaintiff has continued to file motions for
    entry of default without remedying the deficiencies identified by the Clerk.  The Court therefore
28  finds it necessary to issue this order.

3

1     Exchange with the operative complaint.[2] Defendant Farmers Insurance Exchange then has

2     twenty-one days to respond to that complaint. Fed. R. Civ. P. 12(1)(A)(i). Only if Defendant

3     Farmers Insurance Exchange fails to timely respond to the complaint may Plaintiff seek entry of

4     default.

5        In order to give Plaintiff time to serve Defendant Farmers Insurance Exchange, and in the

6     interest of judicial economy, the Court VACATES the hearing on Defendant Farmers Insurance

7     Company's motion to dismiss. (*See* Dkt. No. 33.) The Court will reset the hearing after Defendant

8     Farmers Insurance Exchange is served and its time to respond to the complaint has passed. The

9     briefing schedule for the motion to dismiss remains in place.

10        IT IS SO ORDERED.

11     Dated: August 9, 2018

12                                     _____
                                      KANDIS A. WESTMORE

13                                       United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27     [2] The Court notes that Attorney Shannon L. Knorr, counsel for Defendant Farmers Insurance
Company, has informed Plaintiff that her firm would represent both Farmers Insurance Company

28     and Farmers Insurance Exchange, and that "all future communication **and service of documents**"
can be directed to Attorney Knorr. (Dkt. No. 39-1, Exh. C (emphasis added).)

United States District Court
Northern District of California

4